UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

  Plaintiff,

vs.

WINN-DIXIE STORES, INC.
 d/b/a Winn Dixie at Coral Way and
THE MORRIS TRACT CORP

  Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Winn-Dixie Stores, Inc. doing business as the Winn Dixie at Coral Way and Defendant The Morris Tract Corp for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

**PARTIES**

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5. Defendant Winn-Dixie Stores, Inc. (also referenced as "Defendant Supermarket," "operator," lessee" or "co-Defendant") is a Florida for profit corporation and is the owner and operator of the Winn Dixie supermarket located at 3275 SW 22nd Street, Miami, Florida 33145, which is commonly referred to as the Winn Dixie at Coral Way.

6. Defendant The Morris Tract Corp (also referenced as "Defendant Morris Tract," "lessor," "owner," or "co-Defendant") is the owner of real property identified as Folio 01-4109-012-0030 which is a built out as a supermarket.

**FACTS**

7. At all times material hereto, Defendant Morris Tract's real property has been leased to co-Defendant Supermarket (the lessee). The lessee in turn has operated its Winn Dixie supermarket within that leased space.

8. Winn Dixie supermarkets sell general grocery items and have specialized departments for produce, meat, seafood, and baked goods. Many Winn Dixie supermarkets have attached pharmacy departments. The Winn Dixie brand is an American supermarket chain headquartered in Jacksonville, Florida. Winn-Dixie operates approximately 500 stores

in Florida, Alabama, Louisiana, Georgia, and Mississippi. All Winn Dixie supermarkets are places of public accommodation pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). The Winn Dixie supermarket located at 3275 SW 22nd Street, Miami which is the subject of this complaint is also referenced as "Winn Dixie (supermarket)," "Winn Dixie at Coral Way," "supermarket," or "place of public accommodation."

9. At all times material hereto, Defendant Supermarket was (and is) a company owning and operating supermarkets under the "Winn Dixie" brand which are open to the public. Each of the Defendant's supermarkets (including the Winn Dixie at Coral Way) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(E) and 28 C.F.R. §36.104(5).

10. As the operator of supermarkets which are open to the public, Defendant Supermarket is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a supermarket; 42 U.S.C. §12182, §12181(7)(E); 28 C.F.R. §36.104(5).

11. Due to the close proximity of Plaintiff's home to the 3275 SW 22nd Street Winn Dixie supermarket, on May 30, 2021 Plaintiff went to that Winn Dixie with the intent of purchasing groceries.

12. During his shopping excursion, Plaintiff has occasion to use the restroom within the supermarket and while using said restroom, he encountered multiple areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. Based on the access impediments within the Winn Dixie supermarket restroom, Plaintiff has been denied full and equal access by the operator/lessee of the Winn

3

Dixie (Defendant Supermarket) and by the owner/lessor of the commercial property which houses the supermarket (Defendant Morris Tract).

14. Because Defendant Supermarket owns and operates five hundred supermarkets, it must be aware of the ADA and the need to provide for equal access in all areas of its supermarkets. Therefore, Defendant Supermarket's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Winn Dixie supermarket located at 3275 SW 22nd Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

15. As the owner of commercial real property which is operated as a supermarket open to the public, Defendant Morris Tract is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). On information and belief, as an investor and owner of a large commercial property being used as a public accommodation, Defendant Morris Tract is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public. Therefore, Defendant Morris Tract's failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its commercial property is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

17. Plaintiff continues to desire to patronize the Winn Dixie supermarket located at 3275 SW 22nd Street, but continues to be injured in that he continues to be discriminated against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

18. Any and all requisite notice has been provided.

19. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF TITLE III OF THE ADA

20. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

21. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

22. Prior to the filing of this lawsuit, Plaintiff personally visited the Winn Dixie at Coral Way in order to purchase groceries, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility,

5

Plaintiff met architectural barriers when he went to the restroom at the supermarket. Therefore, Plaintiff has suffered an injury in fact.

23. Defendant Supermarket (lessee/operator of the Winn Dixie at Coral Way) and Defendant Morris Tract (the owner/lessor of the real property housing that Winn Dixie supermarket) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the supermarket, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

24. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Winn Dixie supermarket located at 3275 SW 22nd Street.

25. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

26. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

27. The commercial space which is owned by Defendant Morris Tract (owner/lessor) which houses the subject Winn Dixie supermarket is operated by Defendant Supermarket (lessee). This commercial space is in violation of 42 U.S.C. §12181 *et. seq.*, the ADA and 28 C.F.R. §36.302 *et. seq.*, and both the owner/lessor and the lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Supermarket (lessee/operator) and Defendant Morris Tract (owner/lessor of the property) (jointly and severally), Plaintiff could not open the restroom door without assistance, as the required maneuvering clearance on the pull side of the door is not provided due to an encroaching item (a trash bin). This is a violation of 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design. Section 4.13.6 states that the minimum maneuvering clearances for doors be within specifications shown in Fig. 25 and that the ground floor within the required clearance be level and clear. The clear maneuvering clearance for a front approach must be 48 min (and for side approach, 54 by 42 min), which not attained in the instant case.

   ii. As to Defendant Supermarket (lessee/operator) and Defendant Morris Tract (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as it is missing pull handles, in violation of Sections 4.27.4 of the ADAAG and Sections 604.8.1.2 of the 2010 ADA Standards of Accessible Design, as the toilet compartment (stall) door does not provide pull handles on both sides of the door near the latch.

   iii. As to Defendant Supermarket (lessee/operator) and Defendant Morris Tract (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to

       the toilet without assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can). The fact that the trash bin is encroaching over the accessible water closet clear floor space is a violation of Section 4.16.2 of the ADAAG and Sections 604.3.1 of the 2010 ADA Standards for Accessible Design.

  iv.  As to Defendant Supermarket (lessee/operator) and Defendant Morris Tract (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar does not have the required clearance as the toilet tissue dispenser is mounted over the side wall grab bar which infringes on the required space. This is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

  v.  As to Defendant Supermarket (lessee/operator) and Defendant Morris Tract (owner/lessor of the property) (jointly and severally), Plaintiff could not use the lavatory mirror without assistance, as the lavatory mirror (outside the stall) is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the2010 ADA Standards for Accessible Design.

28.    Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the subject Winn Dixie supermarket accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

29.    Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the

supermarket therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against Defendant The Morris Tract Corp (owner and lessor of the commercial property operated as a Winn Dixie supermarket) and Defendant Winn-Dixie Stores, Inc. (lessee and operator of the Winn Dixie supermarket located within the co-Defendant's commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and Winn Dixie located at 3275 SW 22nd Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorneys fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 21st day of June 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com